IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

**WYLIE D. POUNDSTONE, JR.**

        **Plaintiff,**

**Civil Action No.**

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

**And**

**NATHAN & NATHAN, PC**

        **Defendants**

**JURY TRIAL
DEMANDED**

**COMPLAINT**

This action arises out of the efforts of the defendants, a debt collector and its law firm, to collect a debt which was claimed to be due from the plaintiff, Wylie D. Poundstone, Jr. Portfolio Recovery Associates, LLC, a company which buys and collects delinquent debts, acting through its attorneys, the law firm of Nathan & Nathan, PC, filed a lawsuit against Mr. Poundstone in the Elmore County (Alabama) District Court in 2009 seeking to collect this debt. Mr. Poundstone did not live in Elmore County, and the defendants were never successful in serving him with the court papers. On August 19, 2009, the lawsuit was dismissed by the judge, acting on her own motion, for failure to perfect service.

Mr. Poundstone first learned of this lawsuit in January, 2012, when he began getting telephone calls from an employee of Nathan & Nathan seeking to collect this debt. Nathan & Nathan sent him a Stipulation for Entry of Consent Judgment in which he was asked to agree to

the entry of judgment against him in the Elmore County case in the amount of $7,600.94 "plus interest and cost of court." Mr. Poundstone was advised by Nathan & Nathan that he should sign this document and that, if he did so, they would accept payments of $300 per month toward this claim. He was advised that if he signed this document, he would not have to actually attend the court hearing. At no point did Nathan & Nathan advise Mr. Poundstone that the case against him had been dismissed two and one-half years earlier and that there was, in fact, no such lawsuit currently pending. On the contrary, Mr. Poundstone was led to believe, falsely, that he was the defendant in on-going litigation.

In addition, the defendants took the action of filing this lawsuit and seeking to collect this money without having evidence to back up their claims and without even having evidence to show that Portfolio had standing to assert these claims. This pattern -- filing suit without evidence to support a claim and with no intention to go to trial -- is common with debt buyers such as Portfolio. Portfolio and Nathan & Nathan filed the lawsuit against Mr. Poundstone knowing that they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from him without going to trial, either by getting a default judgment or by getting him to agree to make payments. It didn't work in this case, because they were unable to find Mr. Poundstone to serve him with the lawsuit papers.

The actions of the defendants described above violated Mr. Poundstone's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action he is asserting claims against the defendants under that Act. He also seeks damages for wanton or willful misconduct under Alabama law. He seeks actual, statutory and punitive damages and his costs and attorney's fees in this action.

**Jurisdiction and Venue**

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §1692k(d) and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for wanton or willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Northern District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district.  28 U.S.C. §1391(b)(2).

**Parties**

4. The plaintiff, Wylie D. Poundstone, Jr., is an adult resident of Sterrett, Alabama, which is located in Shelby County.

5. Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a Delaware limited liability corporation with its principal offices located in Norfolk, Virginia.  Among other things, Portfolio is engaged in the business of buying and collecting delinquent debts.

6. Defendant Nathan & Nathan, PC, is an Alabama professional corporation with its principal offices located in Birmingham, Alabama.  Nathan & Nathan is a law firm specializing in the collection of unpaid debts.

**Statement of Facts**

7. On or about April 2, 2009, defendant Portfolio Recovery Associates, LLC filed a lawsuit against the plaintiff, Wylie D. Poundstone, Jr., in the Elmore County (Alabama) District Court, styled *Portfolio Recovery Associates, LLC, as Assignee of Midland Credit Management v. Wylie D. Poundstone, Jr.*, Case No. DV-09-125 (hereafter referred to as "the Elmore County

lawsuit.")

8.  In the Elmore County lawsuit, Portfolio was represented by the law firm of Nathan & Nathan, PC.

9.  At no time did either Portfolio or Nathan & Nathan send Mr. Poundstone a written statement providing him with information about the amount of the debt claimed to be due, the name of the entity to whom the debt was owed, or about his right to dispute that claim, as required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692g.

10.  In the Elmore County lawsuit, Portfolio alleged that Mr. Poundstone owed it the sum of $6,615.41, based on various theories.

11.  According to information later received by Mr. Poundstone from Nathan & Nathan, the basis of Portfolio's claim was an alleged unpaid balance owed by Mr. Poundstone on a Providian Bank credit card.

12.  Mr. Poundstone did have a Providian credit card at one time, but he never owed the amounts claimed by Portfolio to be due on that account.

13.  Although service was attempted, Portfolio never succeeded in serving Mr. Poundstone with a summons, a complaint, or any other papers advising him that the Elmore County lawsuit had been filed.

14.  On August 19, 2009, acting on her own motion, the judge dismissed the Elmore County lawsuit for lack of service.

15.  Prior to 2012, Mr. Poundstone was not aware of the Elmore County lawsuit, and he was not aware that Portfolio had attempted to sue him to collect any alleged debt.

16. Beginning in January, 2012, Mr. Poundstone began receiving telephone calls from a woman who identified herself as "Rachel" and who stated she was an attorney employed by the

law firm of Nathan & Nathan.

17. Rachel advised Mr. Poundstone that she was calling on behalf of Providian Bank to collect a debt which remained unpaid on a credit card account he had.

18. Rachel did not advise Mr. Poundstone that Nathan & Nathan's client was actually Portfolio.

19. Rachel advised Mr. Poundstone of the lawsuit that had been filed against him seeking to collect this unpaid debt. She did not, however, advise him that the lawsuit had been filed in Elmore County, that it had been filed in 2009, and that it had been dismissed in 2009.

20. Rachel advised Mr. Poundstone that he owed Providian an amount in excess of $7,000.

21. Rachel or some other person working for Nathan & Nathan on this matter sent to Mr. Poundstone a Stipulation for Entry of Consent Judgment and asked him to sign it. The Stipulation had the heading and case number of the Elmore County lawsuit and stated that Mr. Poundstone was agreeing that judgment could be entered against him in that matter in the amount of $7,600.94, plus interest and court costs.

22. The proposed Stipulation for Entry of Consent Judgment provided that it would be signed by Mr. Poundstone, acting for himself, and by John Nathan of the firm of Nathan & Nathan, acting for Portfolio.

23. Rachel advised Mr. Poundstone that once he signed the Stipulation for Entry of Consent Judgment, Nathan & Nathan would accept payments from him in the amount of $100 per month for two months and then $300 per month and, so long as those payments were current, would take no further action to enforce the judgment.

24. With the proposed Stipulation for Entry of Consent Judgment, Mr. Poundstone

received a letter from Nathan & Nathan dated February 6, 2012.  That letter stated in part:

> This will confirm our agreement with you with respect to the above matter.  Our client has agreed to withhold further legal action against you provided you adhere to the terms of our settlement arrangement as outlined herein.
>
> First, you have agreed to execute the enclosed Stipulation for Entry of Judgment and to return such to us immediately for filing with the Court.  If you sign and return such before your court date, you will not have to go to Court on this matter.
> . . . .
> As long as you remain in compliance with this agreement, we will withhold execution on the judgment.  However, time is of the essence to this agreement.  Any breach of this agreement by you, including but not limited to, any missed payment, payment of less than the agreed upon amount, payment not received by the stated due date, or any returned or stopped payment check, will also free us to resume our collection efforts and to exercise any of our client's post-judgment remedies.

25. Contrary to the language of this letter, Mr. Poundstone never entered into an agreement with Nathan & Nathan or Portfolio to resolve this matter.  He only asked them to send him the paperwork they were talking about so that he could review it and seek legal advice.

26. After consulting counsel, Mr. Poundstone did not sign the Stipulation for Entry of Consent Judgment.

27. On or about March 6, 2012, Mr. Poundstone advised Nathan & Nathan that he was represented by an attorney regarding this matter.  Nathan & Nathan has not contacted Mr. Poundstone since that time.

28. On or about May 15, 2012, the undersigned counsel had a telephone conversation with an employee of Nathan & Nathan about this matter.  Among other things, the undersigned counsel asked this person to provide an itemization of the amounts claimed to be due and documents showing that Portfolio was the rightful owner of this debt and legally entitled to collect it.  The Nathan & Nathan employee stated that he would check on that.

29. As of the date of the filing of this lawsuit, Nathan & Nathan has not provided any

documents showing the basis for Portfolio's claim that Mr. Poundstone owes them the amounts claimed or that Portfolio is the rightful owner of this debt and legally entitled to collect it.

30. On information and belief, Portfolio and Nathan & Nathan do not have admissible evidence sufficient to show that Mr. Poundstone owed Portfolio the amounts claimed, and they did not have such evidence at the time the Elmore County lawsuit was filed.

31. On information and belief, Portfolio and Nathan & Nathan do not have admissible evidence sufficient to show that Portfolio is the legal owner of the Providian credit card debt at issue in the Elmore County lawsuit, and they did not have such evidence at the time the Elmore County lawsuit was filed.

32. On information and belief, when Portfolio and Nathan & Nathan filed the Elmore County lawsuit, they had no intention of obtaining the evidence which might be needed to establish Portfolio's claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish Portfolio's claims. Instead, their goal was to obtain either a default judgment or an agreement from Mr. Poundstone to pay the sum claimed or some lesser sum.

33. The strategy described in Paragraph 32 above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

34. On information and belief, the strategy described in Paragraph 32 above is one which is commonly followed by Portfolio and by Nathan & Nathan in the lawsuits they file to collect debts.

35. Mr. Poundstone is a person on disability with limited income.

36. As a result of the actions of Portfolio and Nathan & Nathan, as described in this

Complaint, Mr. Poundstone suffered the stress of having to deal with attorneys attempting to force him to agree to pay a large sum of money which he did not owe by using the threat of legal action in a pending lawsuit. These actions of the defendants caused Mr. Poundstone emotional distress, anger, shame, frustration, fear and humiliation for a period many weeks.

### First Cause of Action:
### Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

37. With regard to the collection of the amounts claimed to be owed to Portfolio by Mr. Poundstone, as described in this Complaint, plaintiff Wylie D. Poundstone, Jr., was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

38. In its actions to collect this debt from Mr. Poundstone, as described above, defendant Portfolio Recovery Associates, LLC was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

39. In its actions to collect this debt from Mr. Poundstone, as described above, defendant Nathan & Nathan, PC, was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

40. In their efforts to collect money claimed to be due from Mr. Poundstone, as described in this Complaint, the defendants violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f;

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1); and

(e) taking action to collect a debt, including filing a lawsuit and communicating with the consumer, without having provided the consumer with information about the amount of the debt, about the entity to whom the debt was supposedly owed, and about his right to notify Portfolio and Nathan & Nathan that the debt was disputed, in violation of §1692g.

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

41. The actions of Portfolio and Nathan & Nathan, as described in this Complaint, forced Mr. Poundstone to spend time working on and worrying about how to deal with their communications regarding the lawsuit they had filed and the debt they claimed he was obligated to pay, and caused him emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Wylie D. Poundstone, Jr., by counsel, asks this Court to grant him the following relief under his First Cause of Action:

(a) judgment in favor of Mr. Poundstone and against defendants Portfolio Recovery Associates, LLC, and Nathan & Nathan, PC, for his actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Mr. Poundstone and against defendant Portfolio Recovery

Associates, LLC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) judgment in favor of Mr. Poundstone and against defendant Nathan & Nathan, PC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(d) an award of costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.

### Second Cause of Action: Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

42. As described above, the defendants took a number of actions in attempting to collect the sums claimed as due to defendant Portfolio Recovery Associates, LLC, from Mr. Poundstone, which were taken in knowing or reckless violation of Mr. Poundstone's legal rights, including but not limited to the following:

(a) falsely representing the fact that a lawsuit on this matter was pending;

(b) falsely representing that their intention was to obtain a judgment in that lawsuit and enforce it using legal process if Mr. Poundstone did not make payments on the claimed debt;

(c) falsely representing, to Mr. Poundstone and to the Elmore County District Court, that Mr. Poundstone owed Portfolio certain sums of money; and

(d) attempting to use the judicial process to obtain a judgment against Mr. Poundstone without any intention to present evidence at a trial if he exercised his right to contest the defendants' claims .

43. The actions taken by the defendants, as described above, were actions which they knew or should have known would cause Mr. Poundstone harm.

44. The actions of the defendants, as described above, did in fact cause Mr. Poundstone to suffer harm, in that they caused him to suffer from emotional distress, anger, shame, frustration, fear and humiliation for a number of weeks.

WHEREFORE, the premises considered, the plaintiff, Wylie D. Poundstone, Jr., by counsel, asks this Court for the entry of judgment against defendants Portfolio Recovery Associates, LLC, and Nathan & Nathan, PC, for wanton or willful misconduct, in an amount sufficient to compensate him for his damages suffered as a result of their actions.  In addition, the plaintiff asks this Court for the entry of a judgment against these defendants for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

                    Respectfully submitted,

                    WYLIE D. POUNDSTONE, JR.
                    Plaintiff
                    By Counsel

<u>s/ Edward M. Wayland</u>
Edward M. Wayland, Esq.
ASB-5319-A56W
2800 Zelda Road
Suite 100-5
Montgomery, AL  36106
(334) 409-9688
(334) 460-8670 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff
Wylie D. Poundstone, Jr.